DECISION.
{¶ 1} Defendant-appellant, Mariemont City School District Board of Education (the "Board"), appeals the judgment of the Hamilton County Court of Common Pleas reversing the Board's disciplinary actions against plaintiffs-appellees, Stephanie Brosch and Erik Debbink. For the following reasons, we affirm the trial court's judgment.
 {¶ 2} In March 1994, Mariemont High School sponsored a student-exchange program in which Mariemont students would travel to Munich, Germany. Mark Nadobny, a Mariemont teacher, was the coordinator of the trip.
 {¶ 3} Before the trip, Nadobny held a meeting at which he explained to students and parents how the exchange program would be conducted. The students would stay with a host family for two weeks. During the early part of each day, the students would have supervised field trips to various cultural and historical points of interest. For the rest of each day, the students would spend time with the host family without the direct supervision of Mariemont personnel or personnel of the host school. A Mariemont teacher, Donald Books, was assigned to travel to Munich with the students.
 {¶ 4} During the trip, a number of Mariemont students, including Brosch and Debbink, consumed alcoholic beverages at biergartens while not in the presence of their host "parents." Although Brosch and Debbink were of legal drinking age in Germany, Books informed them that they would be subject to discipline under the school's code of conduct when they returned home.
 {¶ 5} When the students arrived home, those who had consumed alcohol outside the homes of their German families were subject to suspensions ranging from three to five days. School officials maintained that the students had violated those portions of the school's code of conduct prohibiting the consumption or possession of alcohol while in the control and custody of the school district, prohibiting disruptive activity, and prohibiting the commission of a crime under the Ohio Revised Code.
 {¶ 6} Brosch, Debbink, and a number of other students appealed the suspensions to the Board. At a hearing before the Board, Brosch and Debbink and their parents, as well as approximately fifteen other students and their parents, testified.
 {¶ 7} Those who testified on behalf of the students unanimously stated that Nadobny had verbally created an exception to the school's code of conduct regarding the consumption of alcohol. The parents and students understood that the exception would allow the parents, in consultation with the host families, to decide whether the students could consume alcohol while on the trip
 {¶ 8} Nadobny testified that the only exception he had approved was that the students would be permitted to consume alcohol while in the home of the host family or while under the direct supervision of the host parents. Nadobny conceded that neither he nor any other school personnel had explained the exception in writing. Books stated that he had not been present for the entire informational meeting but that he had understood the exception to be as Nadobny had testified.
 {¶ 9} After the hearing, the Board overturned the suspensions and ordered Brosch, Debbink, and the other suspended students to perform community service. Debbink and another student were also ordered to attend extra Friday school sessions.
 {¶ 10} Brosch and Debbink, through their mothers, Pamela A. Brosch and Katrina M. Ward, appealed the Board's decision to the court of common pleas under R.C. Chapter 2506.
 {¶ 11} The trial court reversed the decision of the Board and vacated the Board's disciplinary measures. The court based its decision, in part, on the lack of clarity in the school's exception to the code of conduct.
 {¶ 12} In a single assignment of error, the Board now argues that the trial court erred in vacating the disciplinary actions.
 {¶ 13} Under R.C. 2506.04, the common pleas courts and the courts of appeals apply different standards of review for administrative appeals. The common pleas court must determine from the record if the order or decision of the administrative board or agency is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."[1] Only when the record lacks a preponderance of reliable, probative, and substantial evidence to support the agency's decision may the common pleas court reverse, vacate, modify, or remand.[2]
 {¶ 14} In contrast, the standard of review for the court of appeals is limited to questions of law and "does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court."[3] An appellate court cannot substitute its judgment for that of the common pleas court except within its limited statutory scope of review and is to determine only if the common pleas court abused its discretion.[4]
 {¶ 15} In this case, one point of contention was whether the students were in the custody and control of the school district at all times during the trip to Munich. Although the evidence indicated that the students spent a great deal of time with the host families and outside the presence of Mariemont school personnel, we accept for purposes of discussion the proposition that the school district had maintained custody and control of the students at all relevant times and that the code of conduct had applied throughout the trip.
 {¶ 16} R.C. 3313.661 gives school districts and boards of education the authority to promulgate codes of conduct and to formulate disciplinary measures for violations of those codes. But the statute requires a school district to specify the types of misconduct that will result in discipline. The statute provides that each school district "shall adopt a policy regarding suspension, expulsion, removal, and permanent exclusionthat specifies the types of misconduct for which a pupil may besuspended, expelled, or removed."[5]
 {¶ 17} In the case at bar, there was undisputed evidence that the school district, through its employees, had engrafted an exception on the disciplinary code's provisions concerning alcohol consumption. The trial court held that the school had not clearly delineated the exception and that, accordingly, the disciplinary actions were invalid.
 {¶ 18} We find no abuse of discretion in the trial court's holding. At the hearing before the Board, only Nadobny and Books testified that the exception to the alcohol policy permitted only consumption under the direct supervision of the host parents. Even then, it was undisputed that the exception had not been reduced to writing.
 {¶ 19} The students and the parents, though, unanimously stated that they had understood the exception to allow the parents and the host families to determine whether, and under what circumstances, the students could consume alcohol. A number of the witnesses presented evidence that the school had not, in previous trips to Germany, imposed discipline for alcohol consumption despite the faculty's awareness that the students had consumed alcohol outside the homes of the host families.
 {¶ 20} In light of the consistency with which the students and parents described their understanding of the exception to the alcohol policy, we cannot say that the trial court abused its discretion in finding that the greater weight of the evidence favored Brosch, Debbink, and the other students. Accordingly, we find no error in the court's decision to vacate the disciplinary measures.
 {¶ 21} In spite of our holding, we emphasize that issues concerning the promulgation of rules and the imposition of disciplinary measures are primarily reserved for the school districts and not for the courts. School personnel have special expertise in determining the educational needs of students and in ensuring a proper atmosphere for the attainment of educational goals. Nonetheless, the rules promulgated by schools must be communicated in a clear fashion: when a school opens the door to the modification of established policies, it must implement the modification with clarity and specificity. And given our limited standard of review, we cannot say in this case that the trial court unreasonably held the disciplinary measures to have been invalid.
 {¶ 22} The assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann and Hendon, JJ., concur.
[1] R.C. 2506.04.
[2] Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113.
[3] Henley v. Youngstown Bd. of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, quoting Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848, fn. 4. See, also, Saeed v. Cincinnati, 1st Dist. No. C-030854, 2004-Ohio-3747, at ¶ 21.
[4] Saeed, supra, at ¶ 21, citing Henley, supra, at 148,2000-Ohio-493, 735 N.E.2d 433.
[5] R.C. 311.161(A) (emphasis added).